Act No. 87-286, Acts of Alabama 1987, was enacted by this state's legislature on June 25, 1987. The Act went into effect on September 23, 1987. This is the first appeal brought to an Alabama appellate court under the statutory scheme of the new law. *Page 1255 
In anticipation of such an appeal, our supreme court has enacted a procedure to follow in cases arising under the Act. This procedure is in keeping with the provisions of the Act in attempting to provide a fair, just, and expeditious resolution of this most sensitive area. The area of concern is abortion. Specifically, we must consider the procedures and conditions under which an "unemancipated minor" may obtain an abortion either by way of parental consent or court order.
The Act provides that an unemancipated minor must receive the consent of one parent prior to obtaining an abortion.
The Act equally provides that, under certain circumstances, a waiver of parental consent may be granted to a minor by the trial courts of this state. Specifically, the Act provides as follows:
 "(6) The required consent shall be waived if the court finds either:
 (a) That the minor is mature and well-informed enough to make the abortion decision on her own; or
 "(b) That performance of the abortion would be in the best interest of the minor."
Section 4(6)(a)(b), 1987 Ala. Acts 87-286 (emphasis supplied).
The Act further provides that judicial proceedings for waiver of parental consent to obtain an abortion must be confidential. The statute imposes a criminal penalty upon the disclosure of any confidential information. Section 8, 1987 Ala. Acts 87-286. We thus appreciate the need in balancing the statute's requirement of confidentiality with the court's duty to provide an intelligible and meaningful appellate opinion.
With the above in mind, the facts necessary to our determination are as follows:
At the hearing, the minor appeared fully aware of the nature of the proceedings in which she was the only witness. She testified as to her reasons for wanting the abortion without the consent of either parent. Suffice it to say that the record shows a family that is less than stable, thereby contributing to a situation in which the minor was apprehensive of the potential effect of seeking consent from either parent. Her answers both to the counsel and the court, under difficult circumstances, reflected a young woman who had given considerable thought to both the means and effects of obtaining an abortion. Her personal life reflected an extraordinary degree of self-reliance, resilience, and foresight regarding how her best interests would be served by obtaining the abortion without parental consent. Some courts have seriously considered evidence to the effect that the decision to seek the waiver of parental consent is itself an indicia of maturity.See generally Hodgson, M.D. v. State of Minnesota, 648 F. Supp. 756,767 (D.Minn. 1986).
Specifically, considering the confidentiality of the proceedings, the testimony reveals that the minor here is within a month of her eighteenth birthday. She lives by herself the majority of the time and holds down a full-time job. She went through the twelfth grade, but did not graduate from high school. She plans to take the GED as soon as she is eighteen years old. She testified that she had thought of her alternatives, either of keeping the baby or giving it up for adoption. She further states that she had thought about her future and long-range goals. Further, the minor testified that her stepfather had a history of abusive tendencies. Additionally, her testimony reveals that she is on good terms with her mother, but has chosen not to discuss the abortion question with her because her stepfather would find out about it and that would cause "a bunch of problems" for her mother.
The unique and crucial nature of judicial proceedings in the instant case raises the question as to the appropriate standard of review of a trial court's determination with respect to a minor's maturity and/or best interests under the statute. It seems clear to us that the determination of whether to grant a waiver is in the main a question to be first determined by the trial court. This determination if appealed will be subject generally to the ore tenus rule. That is, *Page 1256 
 "Where a judgment or decree is entered by trial court after hearing testimony ore tenus, such judgment or decree is presumed correct and will be reversed only if, after consideration of evidence and all reasonable inferences to be drawn therefrom, judgment or decree is found to be plainly and palpably wrong."
Taylor v. Taylor, 372 So.2d 337 (Ala.Civ.App.), cert. denied,372 So.2d 341 (Ala. 1979).
The following rationale for applying the ore tenus rule in these cases issues from a court of the state whose statute provides a statutory model for waiver of parental consent proceedings:
 "Findings of a judge in this kind of proceeding are entitled to no less deference than that which a reviewing court generally accords findings of fact by a trial court. . . . As regards a quality such as maturity, we think the judge's opportunity to see and hear the petitioner, her tone of voice, her expressions, and her overall demeanor place the judge in a particularly advantaged position to make the factual determination."
In the Matter of Moe, 12 Mass. App. 298, 423 N.E.2d 1038, 1040
(1981) (citations omitted).
Nevertheless, under the facts herein, the trial judge concluded that the minor was immature and that it would not be in her best interest to obtain the abortion. His determinations were conclusory only and provided no specific findings regarding upon what facts, if any, he based his judgment. He, therefore, did not comply with the statute's requirement that legal conclusions be supported in specific findings.See Section 7, 1987 Ala. Acts 87-286.
More importantly, we can neither discern from the trial court's judgment nor from the record any ground upon which the trial court's conclusion could rest. We can safely say, having considered the record, that, should this minor not meet the criteria for "maturity" under the statute, it is difficult to imagine one who would.
Therefore, in view of the record and the judgment, the trial judge in this case was plainly and palpably wrong and abused his discretion by denying the minor's request for a waiver of parental consent to obtain an abortion. Stated somewhat differently, we cannot agree with the lower court's determination that the minor was not mature enough to be granted the "waiver." Furthermore, in this instance we are not bound by the court's findings because our ore tenus rule of review does not apply where, as here, the lower court misapplied the law to the undisputed facts. Security InsuranceCo. v. Smith, 360 So.2d 280 (Ala. 1978); Steel City ErectionCo. v. Johnson-Rast Hays, Inc., 402 So.2d 1014
(Ala.Civ.App. 1981).
Summarizing, the law is clear that a waiver may be granted if the minor is mature and well-informed. Clearly, the evidence presented shows that the minor was mature and well-informed enough to make the decision to have the abortion. Therefore, the trial court erred in not granting the waiver pursuant to the law under this new act.
The evidence in this case can support no other conclusion but that the minor met the criteria for a judicial waiver under the statute as recently enacted. To conclude otherwise is to not follow the mandate of the statute overwhelmingly passed by the legislature.
The minor additionally asserts that the Act is unconstitutional. However, it has been held that the constitutionality of a law will not be considered on appeal unless essential to the decision of the actual case before the court. City of Mobile v. Gulf Development Co., 277 Ala. 431,171 So.2d 247 (1965). In view of the above, the "essentiality" is not present. Therefore, we do not now undertake to decide whether all or any part of this act is unconstitutional.
After briefs, oral argument, and deliberation, it is the considered opinion of this court that the trial court's judgment is due to be reversed and remanded for entry of a judgment consistent with the following order of this court.
It is ordered and adjudged that the trial court's judgment is reversed and remanded for entry of a judgment consistent with *Page 1257 
this court's opinion. Because of the importance of time, the trial court is directed to enter its judgment granting the waiver not later than 12:00 noon Wednesday, October 7, 1987.
In the event the trial court does not enter such judgment granting the waiver by such time, this case is reversed and rendered by this court and a judgment granting the statutory waiver is hereby entered.
REVERSED AND REMANDED FOR ENTRY OF A JUDGMENT NOT INCONSISTENT WITH THE ABOVE OR REVERSED AND RENDERED.
All the Judges concur.