This is the third case to be appealed to this court concerning Alabama's parental consent statute (statute), §§26-21-1 through 26-21-8, Alabama Code 1975 (1988 Cum.Supp.).
The minor petitioned the trial court for a waiver to have an abortion without the consent of either parent. After a hearing, the trial court found that she was not mature and well informed enough and that the performance of the abortion was not in her best interest and, therefore, denied the minor's petition. The minor appeals, and we reverse.
The only issue on appeal is whether the trial court abused its discretion in finding that the minor was not mature enough to make an informed decision regarding the abortion.
In view of the confidentiality of these proceedings, we set out only those facts necessary to our determination.
The minor is fifteen years old and single. Her parents are divorced, and she lives with her mother. She is presently attending high school, where she receives average grades. At the hearing, the minor appeared fully aware of the nature of the proceedings, in which she was the only witness. She testified as to her reasons for wanting the abortion without the consent of her parents. She testified that she thought about the abortion and felt that telling her mother would be detrimental to their relationship. In fact, she feared that her mother might "kick her out" of the house if she knew about the pregnancy.
The minor further testified that she has considered her options. She has discussed the pregnancy with someone at the Women's Community Health Center, her boyfriend, and another woman whom she considers to be like a mother. She is aware of the options she has of continuing the pregnancy and having the baby. She testified that she could keep the baby, let her boyfriend raise the baby, or put it up for adoption. She is also basically aware of the actual abortion procedure and has discussed this with her boyfriend. She has also considered the chances of possible complications from the procedure.
The minor also testified that, although she wishes she could have a child, she feels that she is too young to take on all the responsibilities now and would like to wait until she is out of school. Her future plans include graduation from high school with the possibility of joining the Air Force or Army. She then plans to go to college. *Page 1348 
The statute is clear that an unemancipated minor must receive the consent of one parent prior to obtaining an abortion. However, the statute equally provides that, under certain circumstances, a waiver of parental consent may be granted to a minor by the trial courts of this state. Specifically, the statute provides as follows:
 "(f) The required consent shall be waived if the court finds either:
 "(1) That the minor is mature and well-informed enough to make the abortion decision on her own; or
 "(2) That performance of the abortion would be in the best interest of the minor."
§ 26-21-4(f), Ala. Code 1975 (1988 Cum.Supp.).
Further, we note that the determination of whether to grant a waiver is in the main a question to be first determined by the trial court and subject generally to the ore tenus rule.Matter of Anonymous, 515 So.2d 1254 (Ala.Civ.App. 1987). Nevertheless, under the facts presented in this case, we find the trial court's determination to be plainly and palpably wrong and an abuse of its discretion. Stated differently, we cannot agree with the trial court's determination that the minor was not mature enough to be granted the waiver. We cannot discern from the trial court's judgment nor from the record any ground upon which the trial court's conclusion could be based.
As stated above, the law is clear that a waiver may be granted if the minor is mature and well informed. Clearly, the only evidence presented shows that the minor was mature and well informed enough to make the decision to have the abortion. In fact, it appears that, from the evidence, no other conclusion can be supported but that the minor meets the criteria for a judicial waiver. Therefore, we find that the trial court erred in not granting the waiver pursuant to the statute.
We would note, however, that the health concerns arising from the duration of the minor's pregnancy should now be a matter for the minor and her physician, who will presumably follow any appropriate state law or regulation reasonably related to protection of a woman's health at this stage in a pregnancy. See Ex parte Anonymous, 531 So.2d 901 (Ala. 1988).
It is ordered and adjudged that the trial court judge's decision is reversed and remanded for entry of a judgment consistent with this court's opinion. Because of the importance of time, the trial court is directed to enter its judgment granting the waiver not later than 12 noon on Friday, June 30, 1989.
In the event the trial court does not enter such judgment by such time, this case is reversed and rendered by this court, and a judgment granting the statutory waiver is hereby granted.
Due to the absence of one of the members of the court, the Presiding Judge has requested a retired appellate court judge to sit on this appeal.
REVERSED AND REMANDED WITH DIRECTIONS TO THE TRIAL COURT TO ENTER A JUDGMENT CONSISTENT WITH THIS OPINION.
All the Judges concur.