595 So.2d 499 (1992)
Ex parte ANONYMOUS.
1910461.
Supreme Court of Alabama.
January 29, 1992.
*500 PER CURIAM.
This Court upheld the constitutionality of the "parental consent law" in Ex parte Anonymous, 531 So.2d 901 (Ala. 1988). In that case, we pointed out that the legislature clearly intended that in order to deny a minor a waiver of her parents' consent to obtain an abortion, the court must specifically find two things: that the minor is not mature and well enough informed to make the abortion decision, and that the performance of the abortion is not in the best interest of the minor. The trial court in the present case attempted to address the second requirement, but did not address the first. With an opinion dated January 14, 1992, 595 So.2d 497 we remanded the case directly to the juvenile court to give it an opportunity to address the first requirement. The juvenile court again failed to do so and again denied the waiver.
The minor has again petitioned us for relief under the statute. The juvenile court having failed to make a determination on this issue and there being nothing in the record except positive evidence that the minor is sufficiently mature to make her own decision, this Court has no alternative but to grant the minor the waiver of consent that she has requested. Her request for a waiver of parental consent to abortion is granted. The judgments of the juvenile court and the Court of Civil Appeals are reversed.
REVERSED AND JUDGMENT RENDERED GRANTING REQUEST FOR WAIVER.
HORNSBY, C.J., and ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur.
MADDOX, J., dissents.
MADDOX, Justice (dissenting).
The Court holds, as a matter of law, that because the trial judge did not make a specific finding on the minor's allegation that she was mature enough to make a decision on having an abortion without her parents' consent, the minor is entitled to have an abortion without their consent.
The minor, in her petition, as permitted by Ala.Code 1975, § 26-21-4(d)(4),[1] alleged as follows:

*501 "I am mature and well enough informed to intelligently decide to have an abortion without the consent of either parent or legal guardian.
"One or both of my parents or my legal guardian has engaged in a pattern of physical, sexual, or emotional abuse against me, or the consent of my parents, parent, or legal guardian otherwise is not in my best interest."
The minor here alleged both grounds in her petition, although she was not required to allege both. After remand, the trial court made the following findings of fact:
"Pursuant to remand from the Alabama Supreme Court for a further finding of facts in the above styled action, the Juvenile Court finds additionally as follows:
"1. That § 26-21-4(d)(4), Code of Alabama 1975, provides that the minor's petition shall allege in part `..., or that the consent of her parents, parent or legal guardian otherwise is not in her best interest.'
"2. That the minor child feels that an abortion without the consent or knowledge of her parents is in her best interest.
"3. That the minor child presented no substantive evidence to support this allegation or belief, but relied upon speculation as to what she thinks would happen if they were made aware of her pregnancy.
"4. That considering the evidence presented, this Court is not convinced that it is in the child's best interest to grant the petition and allow the child to obtain an abortion without the advice, consent, and/or knowledge of her parents.
"Done and ordered this the 14th day of January, 1992."
It appears, therefore, that the juvenile court judge, even after remand, based his refusal to grant a waiver upon the fact that the minor had failed to prove one of the allegations that she made in her petition, that it would be in her best interest not to get the consent of her parents. The juvenile court judge did not make a specific finding on the minor's allegation that she was mature and informed enough to make her own decision. He concluded, it appears, that his refusal was justified because he made a finding that the minor had not supported her allegation that it would be in her best interest not to get her parents' consent.
The question posed now, in light of the juvenile court judge's return to our remand, is whether the minor is entitled to a waiver of parental consent, as a matter of law, because the juvenile court judge made no specific finding regarding her maturity. The majority concludes that the law so provides. After restudying the provisions of the law cited by the juvenile court judge in support of his order, I am not convinced that such a finding has to be made, although I admit that I was initially of the opinion that this failure by the juvenile court judge to make such a finding would constitute a waiver of the requirement of parental consent as a matter of law.
After further reviewing the purposes of the "parental consent act" and the legislative purpose, I believe that the judge did not have to make a finding on the minor's allegation that she was mature enough to make her own decisions. Although the legislature has specifically addressed the question of a minor's maturity, and its value, the legislature has specifically found "that parental consultation is usually desirable and in the best interests of the child." Ala.Code 1975, § 26-21-1. The juvenile court judge, based on the evidence before him, has reinforced this legislative finding, as follows:
"4. That considering the evidence presented, this Court is not convinced that it is in the child's best interest to grant the petition and allow the child to obtain an abortion without the advice, *502 consent and/or knowledge of her parents."
It should be noted that the language of § 26-21-4(d)(4)b., relied upon by the juvenile court judge, is materially different from the language of § 26-21-4(f)(2) construed by the majority. The former section addresses whether requiring parental consent is in her best interest, and the latter section deals with whether the "performance of the abortion would be in the best interest of the minor." In other words, the former section discusses whether it is in the best interest of the minor to proceed without parental consent, and the latter section actually deals with the question of whether the "performance of the abortion would be in the best interest of the minor." The latter section is substantially broader in its scope than the former. Because the two sections are different in their requirements, I can no longer subscribe to the view that the trial judge is required to make specific findings on both prongs of the provisions of § 26-21-4(f), as I had previously thought.
The juvenile court judge, after hearing the ore tenus evidence, has determined that this minor has not proved her allegation that it would not be in her best interest to get her parents' consent. He believes that the minor's reasons for not consulting with her parents are "speculative." I believe that this finding is supported by the record of the testimony taken, and I would not grant a waiver in view of that specific finding.
It should be remembered that all that the juvenile court judge has determined is that the minor should not be allowed to have an abortion without first getting "the advice, consent, and/or knowledge of her parents." He feels that she has not proven one of the material allegations she made in her petition for a waiver. While there is testimony in the record that the minor feels that her parents will be upset with her if they find out she is pregnant, she also testified that they would also be upset if they find out that she has had an abortion.
I do not believe that this record shows that the minor is entitled to a waiver of parental consent. Consequently, I must respectfully disagree with the holding that she is entitled to a waiver of consent, just because the juvenile court judge did not make a specific finding. A juvenile court judge, who has seen the minor and heard her testimony regarding the relationship between her and her parents and regarding their desires for her, has determined that she should get their advice. My reading of the record shows that her desire for further education is no different from that of her parents. I agree with the trial judge that the minor's testimony in support of her claim that it would be in her best interest not to be required to get her parents' consent is speculative. I would uphold his determination on that issue.
NOTES
[1] The minor utilized Unified Judicial System Form JU-26 8/87. She checked the blocks on the form that track the language of Ala.Code 1975, § 26-21-4(d), which provides, in pertinent part, as follows:

"(d) The petition required in section 26-21-3(e) shall be made under oath and shall include all of the following:
". . . .
"(4) An allegation of either or both of the following:
"a. That the petitioner is sufficiently mature and well enough informed to intelligently decide whether to have an abortion without the consent of either of her parents or legal guardian.
"b. That one or both of her parents or her guardian has engaged in a pattern of physical, sexual, or emotional abuse against her, or that the consent of her parents, parent or legal guardian otherwise is not in her best interest."