This is an appeal from the denial of a waiver of consent for an abortion by an unmarried and unemancipated minor.
The minor filed her petition on January 31, 1992, and requested appointment of counsel. Following a hearing on February 3, 1992, the trial court denied the minor's petition and she appeals.
The record reflects that she is 17 years old, and at the time of the hearing, she was in her seventh week of pregnancy. She is a senior in high school, makes excellent grades, and already has an offer of a college scholarship. Her plans are to attend college and go on to medical school. She has discussed her decision to have an abortion with her 18-year-old boyfriend, by whom she became pregnant, and he agrees with her decision. He also intends to pursue college and then medical school. Her parents are divorced, and she lives with her mother. She has consulted with her 29-year-old maternal cousin who came to court with her and testified that she agrees with the minor's decision not to consult with her mother and, also, that an abortion *Page 225 
was in the minor's best interests. There was testimony that the cousin will accompany the minor, will care for her, and will provide emotional support.
The minor testified that she cannot discuss her pregnancy with either her mother or father and that she cannot bear to upset and disappoint her mother. She also testified that she is not emotionally ready for parenthood or marriage, that she would be unable to properly provide for a child, and that continuing her pregnancy would irrevocably hurt her plans for the future. She is aware that there are certain risks involved in an abortion just as there are in childbirth.
The minor contends on appeal that the trial court failed to follow the statutory requirements prescribed by the Parental Consent Act, § 26-21-4(f) and (g), Code 1975, which provide that:
 "(f) The required consent shall be waived if the court finds either:
 "(1) That the minor is mature and well-informed enough to make the abortion decision on her own; or
 "(2) That performance of the abortion would be in the best interests of the minor.
 "(g) A court that conducts proceedings under this section shall issue written and specific factual findings and legal conclusions supporting its decision. . . ." (Emphasis added.)
By opinion released January 29, 1992, our supreme court, in reversing this court, made it clear "that in order to deny a minor a waiver of her parents' consent to obtain an abortion, the court must specifically find two things: that the minor is not mature and well enough informed to make the abortion decision, and that the performance of the abortion is not in the best interests of the minor." Ex parte Anonymous,595 So.2d 499, 500 (Ala. 1992).
In its judgment denying the waiver, the trial court made many findings which included a finding that the minor is not mature and well enough informed to make the abortion decision; however, the trial court failed to address the second requirement. The trial court did find "that parental consultation is preferable, desirable, and in the minor's best interests." The trial court did not find that the performance of the abortion is not in the minor's best interests.
The trial court having failed to make a determination on the second requirement, the denial of the minor's petition for a waiver of parental consent is fatally flawed. We remand this cause "to the juvenile court to permit that court, if it can, to make from the existing record specific findings of fact on both prongs of § 26-21-4(f) as required by § 26-21-4(g). The juvenile court is directed to submit such findings of fact directly to this court no later than 12:00 noon [Monday, February 24, 1992]. In the event that the juvenile court fails to submit its findings within the prescribed time, or if its findings are adverse to the minor, she may petition for immediate review in this court." Ex parte Anonymous,595 So.2d 497, 499 (Ala. 1992) (emphasis in original).
REMANDED WITH DIRECTIONS.
All the Judges concur.