The minor appealed to the Court of Civil Appeals from the denial by the juvenile court of a waiver of consent for an abortion. The unmarried and unemancipated minor filed her petition pursuant to § 26-21-4, Code of Alabama 1975, for a waiver of parental consent for an abortion. Section 26-21-4(a) provides in part:
 "(a) A minor who elects not to seek or does not or cannot for any reason, obtain consent from either of her parents or legal guardian, may petition, on her own behalf, the juvenile court, or the court of equal standing, in the county in which the minor resides or in the county in which the abortion is to be performed for a waiver of the consent requirement of this chapter. . . ."
The required parental consent shall be waived if the court hearing the minor's petition finds either:
 "(1) That the minor is mature and well-informed enough to make the abortion decision on her own; or
 "(2) That performance of the abortion would be in the best interest of the minor."
§ 26-21-4(f)(1) and (2).
The minor filed her petition in the juvenile court on January 31, 1992. Following a hearing on February 7, 1992, the juvenile court denied the petition. The court found:
 "The petitioner is 14 years of age, is unmarried and unemancipated; is approximately 7 weeks pregnant; that the minor is not mature and well-informed enough to make the abortion decision; and that there is no actual evidence of abuse or mistreatment of the minor by either parent, and therefore that parental consultation is preferable, desirable, and in the minor's best interest."
The minor appealed to the Court of Civil Appeals. The Court of Civil Appeals, by an opinion dated February 19, 1992, remanded the case to the juvenile court "to permit that court, if it can, to make from the existing record specific findings of fact on both prongs of § 26-21-4(f) as required by §26-21-4(g)." (Emphasis original.) In Ex parte Anonymous,595 So.2d 499, 500 (Ala. 1992), we held:
 "[I]n order to deny a minor a waiver of her parents' consent to obtain an abortion, the court must specifically find two things: that the minor is not mature and well enough informed to make the abortion decision, and that the performance of the abortion is not in the best interest of the minor."
In its order issued after its original hearing, the juvenile court addressed the first prong, but did not address the second. While the juvenile court did find "that parental consultation is preferable, desirable and in the minor's best interest," it failed to make a finding that the performance of the abortion is not in the minor's best interest. The Court of Civil Appeals remanded the cause for this reason.
On remand, the juvenile court again denied the minor child's request for a waiver of parental consent. As to the first prong, the juvenile court made the following findings:
 "The minor testified that she is 14 years old and became pregnant 'about a month ago,' that she met the father probably about a month ago, and that she engaged in sexual intercourse with him on 2 occasions and that she did not use birth control because the father didn't want to and she didn't want him to get mad at her. She further stated that she had sex with him, 'because of the way he treated me and everything. I thought he really liked me and stuff.'
 "From the testimony presented the Court finds that the information the minor *Page 713 
has received on abortion is limited to what she read in an unidentified medical book that her mother had. The Court finds she was given no advice from medical professionals regarding the medical and physical effects of abortion.
 "The Court finds no evidence that this minor has solicited advice or information from any adult source. The testimony further shows that the minor would probably spend the night with a friend if she had an abortion. No evidence was presented to the Court relative to the friend's age or capabilities or the feasibility of such an arrangement. She testified that she didn't want to have an abortion but that she had to because of financial and emotional considerations.
 "The foregoing considered, this Court finds that this minor does not exhibit a pattern of deliberation necessary for mature decision-making. This Court further finds that this minor has not sufficiently addressed the emotional aspects of the effects of abortion and that this minor does not exhibit the ability and/or maturity at this stage to make a choice that takes into account the immediate and long-range consequences of abortion, and that therefore the minor is not mature and well-informed enough to make the abortion decision."
As to the second prong, the juvenile court made the following findings and conclusions:
 "The minor testified that she believed her parents would threaten to throw her out if she were pregnant because of an earlier confrontation between her mother and brother. Her concerns do not sound well founded to this Court in that it appears from the record that her brother continued to remain in the home. The evidence suggested no other actual or threatened harm to the minor or her siblings. This Court, having previously addressed the minor's lack of maturity in Prong I, would find that her lack of maturity does not allow her to fully appreciate and predict her parents' reaction. This Court does not find unexpected the fact that a parent's reaction upon learning of a 14-year-old girl's pregnancy might be one of shock, outrage and/or subsequent distrust.
 "This Court finds that consultation with a parent or parents who have nutured this young girl from infancy through childhood and adolescence is both preferable and desirable and in the child's best interest in the case at bar. [The minor's parents work in professions that] should well equip them to address the needs of their child and support her in this life crisis.
 "The Court finds that the minor does not have definite or adequate post-operative plans and without the same, the performance of an abortion could be detrimental and life-threatening to her, and abortion is not in the child's best interest.
 "Parents ordinarily possess information essential to a physician's exercise of his medical judgment and advice concerning the child; therefore, the Court finds that the absence of parental consultation in the instant case would be detrimental to the child both emotionally and physically. The Court further finds that an abortion without parental consent is not in the best interests of the child in the instant case and could be detrimental to the child both emotionally and physically, and, therefore, all things considered, this court finds that abortion is not in the best interests of the minor."
Following the issuance of this order by the juvenile court, the minor child again sought review by the Court of Civil Appeals. The Court of Civil Appeals, by opinion issued February 26, 1992, 597 So.2d 709, affirmed the juvenile court's order, and the minor child filed her petition for review by this Court.
After a careful review of the record, which consisted of only the minor child's testimony, we cannot hold that the judgment of the Court of Civil Appeals was wrong. Based upon the evidence before it, we cannot say that the juvenile court erred in denying the waiver of parental consent and in holding that the performance of the abortion is not in the best interest of the *Page 714 
minor. Accordingly, the petition is due to be denied.
PETITION DENIED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.