618 So.2d 722 (1993)
Ex parte ANONYMOUS.
In the Matter of ANONYMOUS, a minor.
1920533.
Supreme Court of Alabama.
January 19, 1993.
PER CURIAM.
A minor petitions this Court to review a judgment of the Court of Civil Appeals, 618 So.2d 718 (Ala.Civ.App.1993), affirming a judgment of the trial court denying her *723 petition for a waiver of parental consent to an abortion. We reverse and render.
In Ex parte Anonymous, 595 So.2d 497 (Ala.1992), this Court said regarding a petition for waiver of parental consent for an abortion:
"In her petition for review before this Court, the minor contends that the juvenile court failed to follow the procedure prescribed by the Parental Consent Act, Ala.Code 1975, § 26-21-4(f) and (g). These subsections provide:
"`(f) The required consent shall be waived if the court finds either:

"`(1) That the minor is mature and well-informed enough to make the abortion decision on her own; or

"`(2) That performance of the abortion would be in the best interest of the minor.
"`(g) A court that conducts proceedings under this section shall issue written and specific factual findings and legal conclusions supporting its decision and shall order that a confidential record of the evidence be maintained for at least four years.'"
(Emphasis added.) Thus, under this section, the petition for waiver of parental consent may be denied only if the court specifically finds both that (1) the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interests."
Ex parte Anonymous, 595 So.2d 497, 498 (Ala.1992) (emphasis in text original). Thus, in order to deny a waiver in the case before us, the trial court had to determine that the minor was not mature enough and not well enough informed and that the abortion was not in her best interest. Ex parte Anonymous, supra. The trial judge did technically follow the directions of § 26-21-4(f) and (g), but he did not do so in a manner consistent with leading precedents in this area of the law.
The record in this case indicates that the minor is a sixteen-year-old in the eleventh grade who became pregnant in November 1992. She was one month and 12 days pregnant at the time of the hearing in December. Her testimony indicated that she had been dating a boy for approximately 13 months and that they had engaged in sexual relations once, on November 7, 1992; that upon discovering that she was pregnant, she discussed her condition with her boyfriend, and that he said he would support whatever decision she made regarding the pregnancy; that she also discussed her pregnancy with another friend her age; and that she contacted an abortion clinic in Birmingham, which gave her the name of someone to contact regarding the procedure required to obtain a waiver of parental consent. She testified:
"Q Can you remember what transpired in that first conversation [with someone at the abortion clinic]?
"A I asked themI told them that I was sixteen years old and that I wanted to have an abortion, if I needed a parent there or how old they had to be. She told meI asked her if I wanted to do this without my parents knowing, what can I do. And she explained to me what I should do. And she gave me some names and numbers to call, some other people."
The minor testified that she spoke more than once with someone at the abortion clinic and that she was apprised of the risks involved. She stated that she was told of the possibility of hemorrhaging and that she inquired regarding her ability to become pregnant again should she elect to abort the fetus. Her inquiry in this regard indicates that she wanted to consider all aspects of any decision she might make.
Her testimony indicated that she had considered the alternatives to abortion. She stated that she was only 16 and that she wanted to attend junior college upon graduating from high school. With a baby to care for, she said, she would not be able to do so and she said she would not be financially able to provide for the child. In addition, she stated that she did not wish to marry at age 16. The trial court focused its attention on the minor's testimony that she had been raised in a good Christian *724 home, that her parents had always been good to her, and that they would probably support any decision she made if they were apprised of her condition. The court found that she appeared concerned about what her parents would think of her and her own embarrassment in having to tell them that she was pregnant. We do not consider her concerns to be unnatural, nor do we find that they indicate that she is too immature to seek an abortion without parental consent. To the contrary, a review of the record indicates that the minor has considered the fact that her parents would probably support her decision; nevertheless, she has elected to seek an abortion without their consent. Despite her desire to do so, however, her testimony indicated that should she experience problems, such as hemorrhaging, following the abortion, she would consider informing her parents of the abortion. When questioned regarding any emotional trauma she might experience following the abortion, the minor stated that should she experience any emotional turmoil after the abortion, there was free counseling at her school. She also testified that she had a good network of friends who could help her through any post-abortion trauma.
In a well-reasoned dissent from the opinion of the Court of Civil Appeals affirming the trial court's order, Judge Thigpen wrote as follows:
"The minor's testimony, elicited under difficult circumstances, is clear that she has given considerable thought in arriving at her decision not to involve her parents. She explicitly described to the court how the best interests of both her and her parents would be served by not involving her parents in her decision. It appears of record that this minor is not only considering her future, but the quality of life for an unwanted unborn infant, and the hurt and harm the minor's mistake would inflict on her parents. To conclude that this minor is not mature enough to make this decision without involving her parents is contrary to the undisputed evidence.
"It should be remembered that it is not for the trial court to determine whether a minor should actually have an abortion. The trial court is to determine whether the minor may seek an abortion without parental consent. Ala.Code 1975, § 26-21-4. `The law is clear that a waiver may be granted if the minor is mature and well-informed.' Matter of Anonymous, 515 So.2d 1254, 1256 (Ala.Civ.App. 1987).
"Additionally, it is my opinion, after careful review of the record evidence, that the trial court misinterpreted the wording of Ala.Code 1975, § 26-21-4(a), which states in pertinent part:
"`(a) A minor who elects not to seek or does not or cannot for any reason, obtain consent from either of her parents or legal guardian, may petition, on her own behalf, the juvenile court, or the court of equal standing, in the county in which the minor resides or in the county in which the abortion is to be performed for a waiver of the consent requirement of this chapter.' (Emphasis added).
"The trial court based its denial largely upon the minor's testimony that she had a good relationship with her parents, and that she would not suffer retribution or violence from her parents if she informed them of her situation and decision. Ala.Code 1975, § 26-21-4, does not require a finding that the minor have a fear of punishment before she may be granted a waiver of parental consent; rather, if the minor for whatever reason elects not to involve her parents, then the trial court may adjudicate the case in accordance with the guidelines in Ex parte Anonymous, 595 So.2d 497 (Ala. 1992)."
We agree. The minor has elected to pursue an abortion without the consent of her parents, and a waiver of consent is in no way contingent on her proving that her parents would disapprove or abuse her should they be consulted regarding her decision to obtain an abortion. In fact, the reaction of the minor's parents is of little consequence as long as she can demonstrate to the court that she is mature enough and well enough informed to make *725 the decision on her own or that an abortion is in her best interest.
The error of the trial judge lies in placing undue weight on the minor child's responsibility to consult with her parents. Although the trial judge is allowed to take into consideration the relationship of the child with her parents and the sympathetic or unsympathetic attitude of the parents, this should not be the main focus of the trial judge's deliberation. Whether we agree with Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), or not, the Supreme Court of the United States has determined that the main focus should be on the woman's or minor female's right to decide what should be done with her body within certain defined limitations. The constitutionality of the parental consent statute rests mainly on the premise that a child of tender years may not be thoroughly mature enough to make the decision to terminate a pregnancy even within the first trimester. However, if it can be demonstrated that she is sufficiently mature or that an abortion would be in her best interest, then she should be given a waiver of parental consent.
In every case where a minor female is involved, we would not find the experience to be expected of an adult female. Hence, the trial judge's preoccupation with the experience of this minor is misplaced; no minor female would be able to pass the experience test if adult-level experience were a criterion.
Furthermore, it is not the court's responsibility to superimpose its judgment or its moral convictions on the minor in regard to what course of action she should take with reference to her own body. It is not a question of whether she is making a decision that we would approve of, but whether she is making a mature decision or one in her best interest.
The minor testified that she was aware of the emotional trauma that may follow an abortion, as well as the emotional trauma associated with not having an abortion. Her testimony is that she is only 16 years old; that she cannot support a child; that she has no way of taking care of a child; that she has no money; that she needs to finish high school and go to college; that she does not want to have a baby without being married; and that she does not want to marry at age 16. Under these circumstances, who can say that her decision is not mature or is not in her best interest?
The only testimony in this case was by the minor petitioner; therefore, the testimony in this case is undisputed. When the facts are undisputed, the ore tenus rule has no application. The role of the appellate court is, therefore, to determine whether the trial court "misapplied the law to the undisputed facts." Matter of Anonymous, 515 So.2d 1254, 1256 (Ala.Civ.App. 1987) (emphasis in original). Inasmuch as the trial judge impermissibly focused more on the rights of the parents, rather than on the right of the minor to make her own decision, if she is mature enough to do so, the trial court misapplied the law to the facts of this case.
Therefore, the judgment of the Court of Civil Appeals is reversed, and a judgment is entered granting a waiver of parental consent.
REVERSED AND JUDGMENT RENDERED.
HORNSBY, C.J., and ALMON, SHORES, ADAMS, KENNEDY and INGRAM, JJ., concur.
MADDOX, J., dissents.
MADDOX, Justice (dissenting).
I would affirm the judgment of the trial judge, who determined, based on the facts of this case, that the minor was not entitled to a waiver of the parental notification requirement. A majority of the Court of Civil Appeals affirmed his decision. I believe that court applied the correct standard of review, and I would affirm its judgment; consequently, I dissent.