This appeal involves the denial of a waiver of consent for an abortion filed by an unemancipated minor.
The minor filed her petition on August 31, 1993, seeking a waiver of consent and requesting appointment of counsel. Following an ore tenus proceeding, in which only the minor testified, the trial court entered an order denying the minor's petition. The trial court found that the minor was "not mature and well enough informed to intelligently decide to have an abortion without the consent of her parent or guardian," and that the performance of an abortion without the consent of her parent or guardian is not in her best interests. The minor appeals.
The record in this case reflects that the minor is a sixteen-year-old, who is in the eleventh grade. She became pregnant in July 1993, and at the time of the hearing, she was seven weeks pregnant. The minor's testimony indicated that she had been dating a boy, off and on, for approximately one year and that they had sexual relations during that time; that she had broken up with her boyfriend; and that upon discovering that she was pregnant, she spoke with her ex-boyfriend, who agreed to pay for the abortion. The minor further testified that she discussed her condition with her school counselor, who informed her of her three options, parenthood, adoption, or abortion.
The minor's parents are divorced, and at the time of divorce, custody of the minor was awarded to the mother. The minor's mother is presently an alcoholic, and because of abusive behavior by the mother, custody of the minor was placed with her paternal grandparents, where she presently resides. She has discussed her pregnancy with a counselor from Alcoholics Anonymous, who counsels teenagers of alcoholic parents. The minor testified that the counselor supports her decision in order for her to achieve her future plans. She does not want to discuss this matter with her parents. Because of past experiences with them, she feels that they would not be understanding or supportive. She also testified that she cannot discuss this matter with her paternal grandparents, who have custody of her, because they consider *Page 855 
abortion to be murder, and they would throw her out of the house.
The minor further testified that she is aware of the procedure that will be utilized in the abortion and that she understands that she might have complications, requiring her to return to the clinic. She also testified that she understands that the abortion might not be complete, which would require her to undergo another procedure.
The minor's testimony reflects that she had considered alternatives to the abortion. She stated that an adoption would be very stressful on her and that she does not want to "be a single parent without a house, without a high school diploma, without a college degree, without a career, without any money, without a job, without a car, [or] without anything."
The only testimony in this case was by the minor. Our supreme court has held that the ore tenus rule has no application when the facts are undisputed, as in this case.Ex parte Anonymous, 618 So.2d 722 (Ala. 1993). This court must determine, therefore, whether the undisputed facts in this case support either a finding that the minor is mature and well-informed enough to make the abortion decision on her own, or that the performance of the abortion would be in the best interest of the minor. Section 26-21-4(f)(1) and (2), Code 1975.
We find from the undisputed evidence that the minor is mature and well-informed enough to make the abortion decision on her own. Our supreme court has also held that the minor's decision to resort to the judicial process and request advice of legal counsel may, of itself, indicate maturity. Ex parteAnonymous, 595 So.2d 497 (Ala. 1992).
Having found that the minor met her burden of proof as to the first prong of § 26-21-4(f), we need not address whether the performance of the abortion would be in the best interest of the minor. The trial court's judgment is reversed, and the cause is remanded for the entry of a judgment, within three days from the release of this opinion, granting the minor the waiver of consent.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur.