650 So.2d 923 (1994)
In the Matter of ANONYMOUS, a minor.
2940161.
Court of Civil Appeals of Alabama.
November 23, 1994.
*924 YATES, Judge.
This is an appeal from the denial of a waiver of parental consent for an abortion by an unemancipated minor.
The minor filed her petition pursuant to Ala.Code 1975, § 26-21-4, Ala.Code 1975, for a waiver of parental consent for an abortion. Following an ore tenus proceeding, the trial court announced its denial at the close of the hearing, and it subsequently entered a written order. We reverse, finding after a review of the evidence that the minor was sufficiently mature and informed to make a decision regarding an abortion without parental consent.
"A minor who elects not to seek ... consent from either of her parents ... may petition ... the juvenile court ... for a waiver of the consent requirement...." § 26-21-4(a), Ala.Code 1975. The "petition for waiver of parental consent may be denied only if the court specifically finds both that (1) the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interest." Ex parte Anonymous, 595 So.2d 497, 498 (Ala.1992) (emphasis in original). Further, the Alabama Supreme Court has held that a minor's decision to use the judicial process and request advice of legal counsel may, in itself, indicate maturity. Id. at 499.
The only testimony in this case was the testimony of the minor; therefore, the testimony is undisputed and the ore tenus rule does not apply. "The role of the appellate court is, therefore, to determine whether the trial court `misapplied the law to the undisputed facts.'" Ex parte Anonymous, 618 So.2d 722, 725 (Ala.1993), quoting Matter of Anonymous, 515 So.2d 1254, 1256 (Ala.Civ. App.1987) (emphasis in original).
The minor initially questions on appeal the effect of the trial court's failure to enter an order within 72 hours of her filing of the petition, as required by Rule 2, Temporary Rules Governing Procedures for Petitions by an Unemancipated Minor Requesting Waiver of Parental Consent for the Performance of an Abortion. Because of this court's decision to expedite its consideration of this matter, any delay caused by the trial court is without consequence; in light of our disposition of the case on the merits, it is not necessary to address the effect of the trial court's delayed judgment.
The minor testified that she is 17 years old; is in the eleventh grade; makes A's, B's, and C's; and is a cheerleader. She works three days a week teaching young children gymnastics. She testified that with the money she earns she helps pay for her car, saves for college, and has some spending money. Her plans for the future include studying physical therapy at the University of Alabama at Birmingham (UAB). Following college, she plans to marry and to have children. The minor's boyfriend, who she says is the father, is 18 years old, attends UAB, and is currently employed. The minor says that he has stated that he would support her "100 percent" in whatever decision she made regarding her pregnancy.
*925 She testified that she had a "pretty good relationship" with her mother and father but that they would be very disappointed with news that she was pregnant. She stated that her mother had stopped talking to her on one occasion when she had not lived up to her expectations and that her mother "holds a grudge."
Evidence supporting the finding of a mature decision in this case includes the minor's following up a home pregnancy test with a test at the "pregnancy test center" to confirm her pregnancy; her decision that the judicial by-pass was the best course to follow; and her testimony that she would not be able to continue with her job, cheerleading, and possibly her plans to go to UAB if she did not have an abortion. She testified that she felt her parents would not help pay college expenses if she had a child. She further testified that she had no way to support a baby and that she did not feel that she could take care of one. Specifically, she stated: "I'm more prepared to go through that [an abortion] than to have the baby and carry on with the pregnancy."
At the time of the hearing she was 10 to 12 weeks pregnant. She testified that she had considered alternatives to an abortion and that she understood what was involved in an abortion procedure. She testified that "they told" her that she would be at the clinic from two to four hours; that risks included that her uterus could be torn, that the procedure could result in infection, and that it could complicate her ever having children. She further testified that she was emotionally and mentally prepared, and that if there were any complications she would go immediately to her doctor.
The minor has met her burden and demonstrated that she is mature, informed, and capable of making her own decision regarding an abortion. Therefore, we hold that the trial court misapplied the law to the facts in this case. The trial court's order is reversed and the cause is remanded. Because of the importance of time, the trial court is directed to enter a judgment granting the waiver not later than 4:00 p.m., Wednesday, November 23, 1994. If the trial court does not enter a judgment granting the waiver by that time, then effective 4:01 p.m. a judgment granting the statutory waiver is rendered by this court.
REVERSED AND REMANDED WITH INSTRUCTIONS OR REVERSED AND RENDERED.
ROBERTSON, P.J., concurs in the result only.
THIGPEN, J., concurs in part and dissents in part.
ROBERTSON, Presiding Judge, concurring in result only.
I concur in the result for the following reasons.
First, I am firmly convinced that the ore tenus rule applies in all proceedings, including petitions for waiver of parental consent, when oral testimony is taken before a trial judge. While our supreme court has held that the ore tenus rule has no application when the facts are undisputed in these type proceedings, Ex parte Anonymous, 618 So.2d 722 (Ala.1993), that opinion did not overturn Hall v. Mazzone, 486 So.2d 408 (Ala.1986), and other cases regarding the ore tenus rule. "The ore tenus rule is grounded upon the principle that when the trial court hears oral testimony it has an opportunity to evaluate the demeanor and credibility of [the witness]." Id., 486 So.2d at 410. Whereas, the appellate courts, in these type cases, must rely solely on the written transcript of the minor and any other witnesses's testimony.
Second, the minor's testimony clearly shows that she was mature and well-informed enough to make the decision to have an abortion. Maturity in an abortion case includes both mental and physical maturity. Certainly, a frail or sickly child may not possess the maturity necessary to make the decision.[1] In the most recent opinion released by this court regarding a waiver of consent, the record was totally lacking of any evidence regarding the 16-year-old minor *926 child's physical maturity; the judgment denying the waiver was affirmed. See In the Matter of Anonymous, 650 So.2d 919 (Ala. Civ.App.1994). The 17-year-old minor in this case is a cheerleader at a major high school and teaches gymnastics to younger children three days a week. This clearly says a lot for the minor's physical and mental maturity. In view of this evidence, as well as the other undisputed evidence set out in the majority opinion, I concur in the result.
THIGPEN, Judge, concurring in part and dissenting in part.
I concur that this case must be reversed; however, my reasoning is because I believe that the trial court erred as a matter of law, in that there is insufficient evidence in the record regarding the second requirement of denying a waiver.
The statute allows a trial court to grant a waiver of parental consent if the minor is mature and well-informed enough to make the decision regarding abortion on her own, or if the performance of an abortion would be in the minor's best interests. Ala.Code 1975, § 26-21-4(f). To deny the waiver, however, the evidence must support two specific findings, i.e., "that the minor is not mature and well enough informed to make the abortion decision, and that the performance of the abortion is not in the best interest of the minor." Ex parte Anonymous, 595 So.2d 499, 500 (Ala.1992) (emphasis in original). In other words, granting the waiver requires satisfying only one test. See e.g., Ex parte Anonymous, 618 So.2d 722 (Ala.1993); Matter of Anonymous, 628 So.2d 854 (Ala.Civ. App.1993); Matter of Anonymous, 549 So.2d 1347 (Ala.Civ.App.1989); Matter of Anonymous, 515 So.2d 1254 (Ala.Civ.App.1987). Denying the waiver involves satisfying two requirements. See, Ex parte Anonymous, 597 So.2d 711 (Ala.1992); Ex parte Anonymous, 595 So.2d 499; Ex parte Anonymous, 595 So.2d 497 (Ala.1992); Matter of Anonymous, 597 So.2d 225 (Ala.Civ.App.1992). Failure to properly address or satisfy the legal requirements to deny the waiver is grounds for reversal. Matter of Anonymous, 597 So.2d 708 (Ala.Civ.App.1992); Matter of Anonymous, 597 So.2d 224 (Ala. Civ.App.1992). See also, Ex parte Anonymous, 531 So.2d 901 (Ala.1988).
The evidence in this case, where only the petitioning minor testified, consists of approximately fifteen pages of testimony, and is based primarily on the minor child's responses to leading questions which are apparently designed in an attempt to minimally meet requirements. Although the legislature expressly provided for court rules to be relaxed in these proceedings, see Ala.Code 1975, § 26-21-4(b), the leniency in the procedural aspects of the instant case have permitted testimony, primarily by appropriately responding affirmatively or negatively to leading questions. The trial court's order designates the minor child's attorney as her guardian ad litem in satisfaction of the mandate of our Supreme Court in Ex parte Anonymous, 531 So.2d 901 (Ala.1988). A guardian ad litem serves to protect a minor child's interests, while it is the duty of the minor child's attorney to pursue her petition. The inadequacy of the record in this case epitomizes the type of problems involved when one attorney serves in both roles in these cases. A petitioner may be merely prompted through a series of questions, and there is no one available to cross-examine the only witness and to test the evidence.
With that in mind, the record reveals that this minor child is seventeen years old, and that she is involved in activities in school. She has a part-time job, and her income from it is used as "extra spending money" and to apply to her car payment. She responded affirmatively when specifically asked if she "put some of it away for college." She responded affirmatively when asked whether her parents approve of her 18-year-old boyfriend, who, she testified, is a college student and is supportive of whatever decision she makes. She testified that she has a good relationship with her parents, and that she did not want to disappoint them. Although she provided the appropriate responses to questions regarding the stigma and the drastic alteration of her life plans which her pregnancy could cause, she did not express any concerns regarding the potential consequences of her pregnancy or an abortion on her parents, her boyfriend, or her unborn *927 child. See Ex parte Anonymous, 618 So.2d 722 (Ala.1993).
Although I agree with our Supreme Court that a minor's voluntary decision to seek a waiver of parental consent via the judicial process may indicate maturity, see Ex parte Anonymous, 595 So.2d 497, relying on a statement made in Matter of Anonymous, 515 So.2d 1254, that decision alone is insufficient to conclusively find maturity in all cases. To hold otherwise would defeat the necessity and purpose of the very judicial process that is designed to inquire into the minor child's maturity and best interests. Many factors relevant to the minor child's maturity are to be considered. See Ex parte Anonymous, 618 So.2d 722. In addition to the above, the minor child testified that without an abortion, she would be unable to continue cheerleading or her part-time job. She appropriately responded "Yes" when specifically asked, "Also, if you were to go through with the pregnancy and your parents would find out, do you think that would [affect] their willingness to help you pay for college?" Regarding the alternatives to abortion, the following testimony occurred:
"Q. [by attorney] Have you considered alternatives to an abortion such as adoption or going through with the pregnancy?
"A. Yes, I considered it but I ruled them out because of my age and the fact that I don't feel I could take care of it."
At one point in the hearing, the minor child's obvious anticipation of certain questions, and her appropriate response, is demonstrated by this exchange:
"Q. [by attorney] Did you have any adverse
"A. No, ma'am."
"Q. [by attorney] Let me finish my question. Did you have any adverse reaction to the anesthetic?
"A. No, ma'am."
At best, her responses to questioning indicated only vague knowledge of the actual procedure or any potential risks. She responded affirmatively when questioned regarding her boyfriend's accompanying her to have the abortion, taking care of her afterwards, and trusting him to obtain help if she had complications. Although she testified that her parents would not understand or support her regarding her pregnancy and her decision to have an abortion without their consent, she also testified that they had never discussed this situation. The record is fraught with evidence supporting a conclusion that this minor is not mature and well-informed enough to make a decision regarding abortion on her own. Therefore, I do not agree with the conclusion reached by the majority. Because I agree with the trial court's finding that this minor child is not mature and well-informed enough to make an abortion decision on her own, I must address the second prong of the requirements to deny her petition for the waiver, i.e., that the evidence presented must also show that the performance of an abortion is not in the minor child's best interests. Ex parte Anonymous, 597 So.2d 711; Ex parte Anonymous, 595 So.2d 497. Although the trial court expressly found that "abortion is not in the best interests of the child," my careful and thorough review of this deficient record fails to disclose any evidence which would support any finding regarding whether an abortion is in the best interests of this minor.
At most, this minor child merely responded affirmatively or negatively to the leading questions asked by her attorney. The paucity of evidence concerning whether the performance of an abortion is in this child's best interests indicates a complete lack of consideration given to the gravity of the situation, and it ignores the statutory requirements for obtaining a waiver. Ala.Code 1975, § 26-21-4(f)(2).
When asked if she felt that an abortion was in her best interests, the minor simply replied, "Yes, Ma'am." That single response from a minor who lacks the maturity and information to make her own decision regarding abortion is the only evidence in the record regarding whether the performance of an abortion is in her best interests. There is a total lack of evidence to support any finding whether the performance of an abortion is in the minor child's best interests. There is simply no evidence indicating that any consideration has ever been given to this requirement.
*928 There is no indication that this minor child has sought medical advice regarding the actual procedure, or that she is knowledgeable about the potential risks or any possible physical or emotional effects resulting from the procedure. There is nothing to indicate that she has sought advice or guidance by consulting someone such as a member of the clergy, a counselor, a teacher, or any adult, other than her 18-year-old boyfriend, in regard to whether obtaining an abortion is in her best interests. She presented nothing to reveal an understanding of the finality or possible consequences of having the procedure, compared to available alternatives. Although she responded affirmatively to the question of whether she considered alternatives to abortion, she presented nothing to indicate serious consideration or knowledge of any of the alternatives, or even of the procedure itself. There has been a complete failure to show whether the performance of an abortion would be in the best interests of this minor.
The record is devoid of any evidence upon which any finding could be made regarding this minor child's best interests. Absent support for any determination in that regard, it was error for the trial court to deny her waiver. Ex parte Anonymous, 531 So.2d 901. Likewise, the paucity of record evidence does not permit an appellate court to make a determination in this regard, and the failure of proof does not grant a waiver by default. See Ex parte Anonymous, 531 So.2d 901. To grant or deny a waiver based on the scant evidence adduced in this proceeding, and to later expect an appellate court to adequately review the record, mocks the purpose of the proceeding. As such, I would reverse the case and remand the cause for the trial court to properly respond to the statutory requirements. Because of the inadequacy of the record, I would direct the trial court to immediately conduct further proceedings to properly address the matter of whether the performance of an abortion is in the best interests of this minor.
NOTES
[1] A frail or sickly minor child would also need the care and attention of loving and caring parents after the abortion, although this pertains more to the "best interest" prong.