I concur that this case must be reversed; however, my reasoning is because I believe that the trial court erred as a matter of law, in that there is insufficient evidence in the record regarding the second requirement of denying a waiver.
The statute allows a trial court to grant a waiver of parental consent if the minor is mature and well-informed enough to make the decision regarding abortion on her own, or
if the performance of an abortion would be in the minor's best interests. Ala. Code 1975, § 26-21-4(f). To deny the waiver, however, the evidence must support two specific findings, i.e., "that the minor is not mature and well enough informed to make the abortion decision, and that the performance of the abortion is not in the best interest of the minor." Ex parte Anonymous,595 So.2d 499, 500 (Ala. 1992) (emphasis in original). In other words, granting the waiver requires satisfying only one test. See e.g., Ex parte Anonymous, 618 So.2d 722 (Ala. 1993); Matterof Anonymous, 628 So.2d 854 (Ala.Civ.App. 1993); Matter ofAnonymous, 549 So.2d 1347 (Ala.Civ.App. 1989); Matter ofAnonymous, 515 So.2d 1254 (Ala.Civ.App. 1987). Denying the waiver involves satisfying two requirements. See, Ex parteAnonymous, 597 So.2d 711 (Ala. 1992); Ex parte Anonymous,595 So.2d 499; Ex parte Anonymous, 595 So.2d 497 (Ala. 1992); Matterof Anonymous, 597 So.2d 225 (Ala.Civ.App. 1992). Failure to properly address or satisfy the legal requirements to deny the waiver is grounds for reversal. Matter of Anonymous,597 So.2d 708 (Ala.Civ.App. 1992); Matter of Anonymous, 597 So.2d 224
(Ala.Civ.App. 1992). See also, Ex parte Anonymous,531 So.2d 901 (Ala. 1988).
The evidence in this case, where only the petitioning minor testified, consists of approximately fifteen pages of testimony, and is based primarily on the minor child's responses to leading questions which are apparently designed in an attempt to minimally meet requirements. Although the legislature expressly provided for court rules to be relaxed in these proceedings, see Ala. Code 1975, § 26-21-4(b), the leniency in the procedural aspects of the instant case have permitted testimony, primarily by appropriately responding affirmatively or negatively to leading questions. The trial court's order designates the minor child's attorney as her guardian ad litem in satisfaction of the mandate of our Supreme Court in Ex parte Anonymous, 531 So.2d 901 (Ala. 1988). A guardian ad litem serves to protect a minor child's interests, while it is the duty of the minor child's attorney to pursue her petition. The inadequacy of the record in this case epitomizes the type of problems involved when one attorney serves in both roles in these cases. A petitioner may be merely prompted through a series of questions, and there is no one available to cross-examine the only witness and to test the evidence.
With that in mind, the record reveals that this minor child is seventeen years old, and that she is involved in activities in school. She has a part-time job, and her income from it is used as "extra spending money" and to apply to her car payment. She responded affirmatively when specifically asked if she "put some of it away for college." She responded affirmatively when asked whether her parents approve of her 18-year-old boyfriend, who, she testified, is a college student and is supportive of whatever decision she makes. She testified that she has a good relationship with her parents, and that she did not want to disappoint them. Although she provided the appropriate responses to questions regarding the stigma and the drastic alteration of her life plans which her pregnancy could cause, she did not express any concerns regarding the potential consequences of her pregnancy or an abortion on her parents, her boyfriend, or her unborn *Page 927 
child. See Ex parte Anonymous, 618 So.2d 722 (Ala. 1993).
Although I agree with our Supreme Court that a minor's voluntary decision to seek a waiver of parental consent via the judicial process may indicate maturity, see Ex parte Anonymous,595 So.2d 497, relying on a statement made in Matter ofAnonymous, 515 So.2d 1254, that decision alone is insufficient to conclusively find maturity in all cases. To hold otherwise would defeat the necessity and purpose of the very judicial process that is designed to inquire into the minor child's maturity and best interests. Many factors relevant to the minor child's maturity are to be considered. See Ex parte Anonymous,618 So.2d 722. In addition to the above, the minor child testified that without an abortion, she would be unable to continue cheerleading or her part-time job. She appropriately responded "Yes" when specifically asked, "Also, if you were to go through with the pregnancy and your parents would find out, do you think that would [affect] their willingness to help you pay for college?" Regarding the alternatives to abortion, the following testimony occurred:
 "Q. [by attorney] Have you considered alternatives to an abortion such as adoption or going through with the pregnancy?
 "A. Yes, I considered it but I ruled them out because of my age and the fact that I don't feel I could take care of it."
At one point in the hearing, the minor child's obvious anticipation of certain questions, and her appropriate response, is demonstrated by this exchange:
 "Q. [by attorney] Did you have any adverse —
"A. No, ma'am."
 "Q. [by attorney] Let me finish my question. Did you have any adverse reaction to the anesthetic?
"A. No, ma'am."
At best, her responses to questioning indicated only vague knowledge of the actual procedure or any potential risks. She responded affirmatively when questioned regarding her boyfriend's accompanying her to have the abortion, taking care of her afterwards, and trusting him to obtain help if she had complications. Although she testified that her parents would not understand or support her regarding her pregnancy and her decision to have an abortion without their consent, she also testified that they had never discussed this situation. The record is fraught with evidence supporting a conclusion that this minor is not mature and well-informed enough to make a decision regarding abortion on her own. Therefore, I do not agree with the conclusion reached by the majority. Because I agree with the trial court's finding that this minor child is not mature and well-informed enough to make an abortion decision on her own, I must address the second prong of the requirements to deny her petition for the waiver, i.e., that the evidence presented must also show that the performance of an abortion is not in the minor child's best interests. Exparte Anonymous, 597 So.2d 711; Ex parte Anonymous,595 So.2d 497. Although the trial court expressly found that "abortion is not in the best interests of the child," my careful and thorough review of this deficient record fails to disclose any
evidence which would support any finding regarding whether an abortion is in the best interests of this minor.
At most, this minor child merely responded affirmatively or negatively to the leading questions asked by her attorney. The paucity of evidence concerning whether the performance of an abortion is in this child's best interests indicates a complete lack of consideration given to the gravity of the situation, and it ignores the statutory requirements for obtaining a waiver. Ala. Code 1975, § 26-21-4(f)(2).
When asked if she felt that an abortion was in her best interests, the minor simply replied, "Yes, Ma'am." That single response from a minor who lacks the maturity and information to make her own decision regarding abortion is the only evidence in the record regarding whether the performance of an abortion is in her best interests. There is a total lack of evidence to support any finding whether the performance of an abortion is in the minor child's best interests. There is simply no evidence indicating that any consideration has ever been given to this requirement. *Page 928 
There is no indication that this minor child has sought medical advice regarding the actual procedure, or that she is knowledgeable about the potential risks or any possible physical or emotional effects resulting from the procedure. There is nothing to indicate that she has sought advice or guidance by consulting someone such as a member of the clergy, a counselor, a teacher, or any adult, other than her 18-year-old boyfriend, in regard to whether obtaining an abortion is in her best interests. She presented nothing to reveal an understanding of the finality or possible consequences of having the procedure, compared to available alternatives. Although she responded affirmatively to the question of whether she considered alternatives to abortion, she presented nothing to indicate serious consideration or knowledge of any of the alternatives, or even of the procedure itself. There has been a complete failure to show whether the performance of an abortion would be in the best interests of this minor.
The record is devoid of any evidence upon which any finding could be made regarding this minor child's best interests. Absent support for any determination in that regard, it was error for the trial court to deny her waiver. Ex parteAnonymous, 531 So.2d 901. Likewise, the paucity of record evidence does not permit an appellate court to make a determination in this regard, and the failure of proof does not grant a waiver by default. See Ex parte Anonymous,531 So.2d 901. To grant or deny a waiver based on the scant evidence adduced in this proceeding, and to later expect an appellate court to adequately review the record, mocks the purpose of the proceeding. As such, I would reverse the case and remand the cause for the trial court to properly respond to the statutory requirements. Because of the inadequacy of the record, I would direct the trial court to immediately conduct further proceedings to properly address the matter of whether the performance of an abortion is in the best interests of this minor.