This appeal involves the denial of a waiver of parental consent for an abortion by an unemancipated minor.
The minor's petition, filed pursuant to Ala. Code 1975, §26-21-4, was denied after a hearing wherein only the minor child testified. Our Supreme Court has expressly held that in these difficult cases where the minor's undisputed testimony is the only evidence presented, "the ore tenus rule has no application. The role of the appellate court is, therefore, to determine whether the trial court 'misapplied the law to theundisputed facts.' Matter of Anonymous, 515 So.2d 1254, 1256
(Ala.Civ.App. 1987) (emphasis in original)." Ex parteAnonymous, 618 So.2d 722, 725 (Ala. 1993).
In its order, the trial court addressed the financial obligations of parents for medical care of minor children, and based upon that responsibility, concluded that "granting [a minor's consent waiver] request without prior notice to the parents is a violation of their rights to due process." It appears that the trial court denied this minor child's waiver request, in part, on that basis. The constitutionality of the consent statute has been the subject of prior cases, and because that case law is dispositive, we will not address the trial court's error in this regard. See, e.g., Ex parteAnonymous, 618 So.2d 722; Matter of Anonymous, 531 So.2d 895
(Ala.Civ.App.), reversed in part and judgment rendered, Exparte Anonymous, 531 So.2d 901 (Ala. 1988).
The statute allows a trial court to grant the waiver upon finding "(1) That the minor is mature and well-informed enough to make the abortion decision on her own; or (2) That performance of an abortion would be in the best interest of the minor." Ala. Code 1975, § 26-21-4(f). To deny the waiver, however, the evidence must support two specific findings, i.e., "that the minor is not mature and well enough informed to make the abortion decision, and that the performance of the abortion is not in the best interest of the minor." Ex parte Anonymous,595 So.2d 499, 500 (Ala. 1992) (emphasis in original). See alsoEx parte Anonymous, 531 So.2d 901. In other words, *Page 1318 granting the waiver requires satisfying only one test. See, e.g., Ex parte Anonymous, 618 So.2d 722; Matter of Anonymous,628 So.2d 854 (Ala.Civ.App. 1993); Matter of Anonymous,549 So.2d 1347 (Ala.Civ.App. 1989); Matter of Anonymous,515 So.2d 1254. Denying the waiver involves satisfying two requirements. See Ex parte Anonymous, 597 So.2d 711 (Ala. 1992); Ex parteAnonymous, 595 So.2d 499; Ex parte Anonymous, 595 So.2d 497
(Ala. 1992); and Matter of Anonymous, 597 So.2d 225
(Ala.Civ.App. 1992). Failure to properly address or satisfy the legal requirements to deny the waiver is grounds for reversal. Matterof Anonymous, 597 So.2d 708 (Ala.Civ.App. 1992), and Matter ofAnonymous, 597 So.2d 224 (Ala.Civ.App. 1992). See also Exparte Anonymous, 531 So.2d 901.
In this case, the trial court expressly found that the minor was mature and well-informed. The record evidence supports that statement. One part of the test having been satisfied, it was incumbent on the trial court to grant the waiver. Accordingly, the trial court erred as a matter of law when it failed to properly respond to the statutory requirements.
As such, the order denying the waiver must be reversed and the cause remanded to the trial court for the entry of an order granting the waiver. Furthermore, the urgency of this matter forbids delay. If the trial court fails to enter an order granting the waiver within 72 hours of the release of this opinion, a judgment granting the statutory waiver is rendered by this court.
REVERSED AND REMANDED WITH INSTRUCTIONS, OR REVERSED AND RENDERED.
All the judges concur.