This is an appeal from the denial of a waiver of consent for an abortion by a minor.
The unmarried and unemancipated minor in this case filed her petition for a waiver of consent for an abortion on January 31, 1992, and requested appointment of counsel. Following a hearing on February 7, 1992, the trial court denied the minor's petition and she appeals.
The record reflects that she is 14 years old, and at the time of the hearing, she was in her seventh week of pregnancy. She is a freshman in high school, and made excellent grades until she realized that she was pregnant. Her plans are to finish high school and attend college. She has discussed her pregnancy with the 16-year-old by whom she became pregnant, and he denies paternity and does not want to have anything to do with her. The minor's parents are members of the Methodist church and, during her testimony, the minor described them as being very religious. Her father is a police officer, and her mother is a school teacher.
The minor testified that she cannot discuss her pregnancy with either her mother or her father. She testified that her parents would kick her out of the house if she told them. She also testified that she is not emotionally or financially ready for parenthood, and that she would not be emotionally able to place her child up for adoption, but she would be emotionally able to handle an abortion. She is aware that there are certain risks involved in an abortion just as there are in childbirth, and that she had read and studied a book on abortion. She further testified that one of her friends would accompany her to the clinic for the abortion and care for her the evening of the abortion.
The minor contends on appeal that the trial court failed to follow the statutory *Page 709 
requirements prescribed by the Parental Consent Act, §26-21-4(f) and (g), Code 1975.
By opinion released January 29, 1992, our supreme court, in reversing this court, made it clear "that in order to deny a minor a waiver of her parents' consent to obtain an abortion, the court must specifically find two things: that the minor is not mature and well enough informed to make the abortion decision, and that the performance of the abortion is not in the best interests of the minor." Ex parte Anonymous,595 So.2d 499, 500 (Ala. 1992).
In its judgment denying the waiver, the trial court made many findings which included a finding that the minor is not mature and well enough informed to make the abortion decision; however, the trial court failed to address the second requirement. While the trial court did find "that parental consultation is preferable, desirable, and in the minor's best interests," it failed to make a finding that theperformance of the abortion is not in the minor's bestinterests.
The trial court having failed to make a determination on the second requirement, the denial of the minor's petition for a waiver of parental consent is fatally flawed. We remand this cause "to the juvenile court to permit that court, if it can, to make from the existing record specific findings of fact on both prongs of § 26-21-4(f) as required by § 26-21-4(g). The juvenile court is directed to submit such findings of fact directly to this court no later than 12:00 noon [Monday, February 24, 1992]. In the event that the juvenile court fails to submit its findings within the prescribed time, or if its findings are adverse to the minor, she may petition for immediate review in this court." Ex parte Anonymous,595 So.2d 497, 499 (Ala. 1992) (emphasis in original).
REMANDED WITH DIRECTIONS.
All the Judges concur.