ON RETURN TO REMAND
This court remanded this case to the juvenile court to make specific findings of fact on both prongs of § 26-21-4(f) as required by § 26-21-4(g), Code 1975. 597 So.2d 708. The juvenile court has made such findings and has filed the same timely with this court. The juvenile court again denied the minor child's request for a waiver of parental consent. The minor child has filed a petition for review.
The juvenile court found that the minor is not mature and well enough informed to make the abortion decision. As to this prong, the juvenile court made the following specific findings which are supported by the record:
 "The minor testified that she is 14 years old and became pregnant 'about a month ago,' that she met the father probably about a month ago, and that she engaged in sexual intercourse with him on two occasions, and that she did not use birth control because the father didn't want to, and she didn't want him to get mad at her. She further stated that she had sex with him, 'because of the way he treated me and everything. I thought he really liked me and stuff.'
 "From the testimony presented the court finds that the information the minor has received on abortion is limited to what she read in an unidentified medical book that her mother had. The court finds she was given no advice from medical professionals regarding the medical and physical effects of abortion.
 "The court finds no evidence that this minor has solicited advice or information from any adult source. The testimony further shows that the minor would probably spend the night with a friend if she had an abortion. No evidence was presented to the court relative to the friend's age or capabilities or the feasibility of such an arrangement. She testified that she didn't want to have an abortion but that she had to because of financial and emotional considerations.
 "The foregoing considered, this court finds that this minor does not exhibit a pattern of deliberation necessary for mature decision-making. This court further finds that this minor has not sufficiently addressed the emotional aspects of the effects of abortion and that this minor does not exhibit the ability and/or maturity at this stage to make a choice that takes into account the immediate and long-range consequences of abortion, and that, therefore, the minor is not mature and well-informed enough to make the abortion decision."
Based on the record evidence which supports the juvenile court's findings, we affirm the juvenile court on this prong.
As to the second prong, that performance of the abortion would not be in the minor child's best interests, the juvenile court made the following findings and conclusions:
 "The minor testified that she believed her parents would threaten to throw her out if she were pregnant because of an earlier confrontation between her mother and brother. Her concerns do not sound well founded to this court in that it appears from the record that her brother continued to remain in the home. The *Page 711 
evidence suggested no other actual or threatened harm to the minor or her siblings. This court, having previously addressed the minor's lack of maturity in Prong I, would find that her lack of maturity does not allow her to fully appreciate and predict her parents' reactions. This court does not find unexpected the fact that a parent's reaction upon learning of a 14 year-old girl's pregnancy might be one of shock, outrage and/or subsequent distrust.
 "This Court finds that consultation with a parent or parents who have nurtured this young girl from infancy through childhood and adolescence is both preferable and desirable and in the child's best interests in the case at bar. The mother is a teacher, the father a policeman. The very nature of their professions should well-equip them to address the needs of their child and support her in this life crisis.
 "The court finds that the minor does not have definite or adequate post-operative plans and, without the same, the performance of an abortion could be detrimental and life-threatening to her, and abortion is not in the child's best interests.
 "Parents ordinarily possess information essential to a physician's exercise of his medical judgment and advice concerning the child; therefore, the court finds that the absence of parental consultation in the instant case would be detrimental to the child both emotionally and physically. The court further finds that an abortion without parental consent is not in the best interests of the child in the instant case and could be detrimental to the child both emotionally and physically, and, therefore, all things considered, this court finds that abortion is not in the best interests of the minor."
After a careful review of the record evidence, which consisted of only the minor child's testimony, we cannot hold that the juvenile court erred in finding that performance of the abortion is not in the best interests of the minor child, and we find that the juvenile court is due to be affirmed in this case.
We note that the minor child argues in her petition for review that the procedure of remanding this case to the juvenile court to comply with the statute is not provided for in the Temporary Rules Governing Procedures for Petitions by an Unemancipated Minor Requesting Waiver of Parental Consent for the Performance of an Abortion. While we cannot disagree with that argument, we note that the holdings and decisions of this court are governed by the decisions of the supreme court. §12-3-16, Code 1975.
AFFIRMED.
All the Judges concur.