This is an appeal from the denial of a waiver of parental consent for an abortion by an unemancipated minor.
The minor filed her petition pursuant to Ala. Code 1975, §26-21-4, Ala. Code 1975, for a waiver of parental consent for an abortion. Following an ore tenus proceeding, the trial court announced its denial at the close of the hearing, and it subsequently entered a written order. We reverse, finding after a review of the evidence that the minor was sufficiently mature and informed to make a decision regarding an abortion without parental consent.
"A minor who elects not to seek . . . consent from either of her parents . . . may petition . . . the juvenile court . . . for a waiver of the consent requirement. . . ." § 26-21-4(a), Ala. Code 1975. The "petition for waiver of parental consent may be denied only if the court specifically finds both that (1) the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interest." Ex parteAnonymous, 595 So.2d 497, 498 (Ala. 1992) (emphasis in original). Further, the Alabama Supreme Court has held that a minor's decision to use the judicial process and request advice of legal counsel may, in itself, indicate maturity. Id. at 499.
The only testimony in this case was the testimony of the minor; therefore, the testimony is undisputed and the ore tenus rule does not apply. "The role of the appellate court is, therefore, to determine whether the trial court 'misapplied the law to the undisputed facts.' " Ex parte Anonymous,618 So.2d 722, 725 (Ala. 1993), quoting Matter of Anonymous,515 So.2d 1254, 1256 (Ala.Civ.App. 1987) (emphasis in original).
The minor initially questions on appeal the effect of the trial court's failure to enter an order within 72 hours of her filing of the petition, as required by Rule 2, Temporary Rules Governing Procedures for Petitions by an Unemancipated Minor Requesting Waiver of Parental Consent for the Performance of an Abortion. Because of this court's decision to expedite its consideration of this matter, any delay caused by the trial court is without consequence; in light of our disposition of the case on the merits, it is not necessary to address the effect of the trial court's delayed judgment.
The minor testified that she is 17 years old; is in the eleventh grade; makes A's, B's, and C's; and is a cheerleader. She works three days a week teaching young children gymnastics. She testified that with the money she earns she helps pay for her car, saves for college, and has some spending money. Her plans for the future include studying physical therapy at the University of Alabama at Birmingham (UAB). Following college, she plans to marry and to have children. The minor's boyfriend, who she says is the father, is 18 years old, attends UAB, and is currently employed. The minor says that he has stated that he would support her "100 percent" in whatever decision she made regarding her pregnancy. *Page 925 
She testified that she had a "pretty good relationship" with her mother and father but that they would be very disappointed with news that she was pregnant. She stated that her mother had stopped talking to her on one occasion when she had not lived up to her expectations and that her mother "holds a grudge."
Evidence supporting the finding of a mature decision in this case includes the minor's following up a home pregnancy test with a test at the "pregnancy test center" to confirm her pregnancy; her decision that the judicial by-pass was the best course to follow; and her testimony that she would not be able to continue with her job, cheerleading, and possibly her plans to go to UAB if she did not have an abortion. She testified that she felt her parents would not help pay college expenses if she had a child. She further testified that she had no way to support a baby and that she did not feel that she could take care of one. Specifically, she stated: "I'm more prepared to go through that [an abortion] than to have the baby and carry on with the pregnancy."
At the time of the hearing she was 10 to 12 weeks pregnant. She testified that she had considered alternatives to an abortion and that she understood what was involved in an abortion procedure. She testified that "they told" her that she would be at the clinic from two to four hours; that risks included that her uterus could be torn, that the procedure could result in infection, and that it could complicate her ever having children. She further testified that she was emotionally and mentally prepared, and that if there were any complications she would go immediately to her doctor.
The minor has met her burden and demonstrated that she is mature, informed, and capable of making her own decision regarding an abortion. Therefore, we hold that the trial court misapplied the law to the facts in this case. The trial court's order is reversed and the cause is remanded. Because of the importance of time, the trial court is directed to enter a judgment granting the waiver not later than 4:00 p.m., Wednesday, November 23, 1994. If the trial court does not enter a judgment granting the waiver by that time, then effective 4:01 p.m. a judgment granting the statutory waiver is rendered by this court.
REVERSED AND REMANDED WITH INSTRUCTIONS OR REVERSED AND RENDERED.
ROBERTSON, P.J., concurs in the result only.
THIGPEN, J., concurs in part and dissents in part.