655 So.2d 1052 (1995)
In the Matter of ANONYMOUS, a minor.
2940340.
Court of Civil Appeals of Alabama.
February 3, 1995.
*1053 YATES, Judge.
The minor filed a petition pursuant to § 26-21-4, Ala.Code 1975, for a waiver of parental consent for an abortion. Following an ore tenus proceeding, the trial court denied the petition, and she appealed. After reviewing the record, we find that the minor was sufficiently mature and informed to make a decision regarding an abortion without parental consent, and we reverse the judgment of the trial court.
"A minor who elects not to seek ... consent from either of her parents ... may petition ... the juvenile court ... for a waiver of the consent requirement...." § 26-21-4(a), Ala.Code 1975. The "petition for waiver of parental consent may be denied only if the court specifically finds both that (1) the minor is immature and not well enough informed to make the abortion decision on her own, and (2) that performance of the abortion would not be in her best interest." Ex parte Anonymous, 595 So.2d 497, 498 (Ala.1992) (emphasis in original).
The minor will soon be 17 years old. She testified that she is in the 11th grade and makes A's and B's. She also works and is saving the money she earns to buy a car.
The minor's parents are divorced. Her father lives in another state and she talks to him only once or twice a year. Her mother remarried another man and although they divorced many years ago the former stepfather continued to have regular contact with the minor. In fact, the mother allowed the minor to live with the stepfather because the mother and daughter could not get along. The stepfather has had physical custody of the minor for the last two years.
The minor is anemic and has asthma. She stated that those conditions do not restrict her from normal activities. In fact, she has been on the school swim team in the past. Her last complete physical examination was in December 1994. Recently, she has been visiting her physician every two weeks because weather conditions have aggravated her asthma.
After discovering that she was pregnant, the minor went to her stepfather, her custodian of two years, and told him. She stated that he was "shocked" and that she "could tell that he was kind of hurt, and mad," but that he was very calm and they discussed her situation. He accompanied her to a women's clinic, where she spoke to someone about an abortion.
The minor testified that the father is 19 years old. They have known each other for about three years. They no longer date. When she told him that she was pregnant, she said "he didn't take it too well," and she said she has not seen him since. She stated that she was "not really sexually active" and that the one time she had had sex was a mistake.
The minor does not want to have to tell her mother that she is pregnant. She described her relationship with her mother as "unpredictable," and she stated that her mother had told her that if she ever came home pregnant, she would beat her. In regard to her mother's reaction, the minor stated: "She would probably come down real hard on me because ... she doesn't really have high expectations of me. So, she would say that she probably expected me to end up this way." Further, the stepfather testified that he did not think it wise to discuss the *1054 pregnancy with the minor's mother, because he believed that the mother would put her under a lot of stress and "say bad things to her."
The minor testified that she has considered going to term with her pregnancy and keeping the baby, but that she had decided against it, because, she said, "it's very hard for me right now. I don't want to raise it like this. I want to try to finish school and make something of myself. And for one thing, I don't want to raise it without a father." She also considered adoption, but decided against that. She stated that she will pay for her abortion with her savings.
As to the future, she plans to graduate from high school, to attend college, and eventually to marry and have children. The minor testified that she may have to go back to public school and join the ROTC program to help finance her college education.
The minor displayed an elementary knowledge of the abortion procedure. She testified to a knowledge of some risks involved and, although she was not able to recall all of the possible complications that were discussed with her, she stated that the procedure and its possible side effects would again be explained to her at the clinic before the procedure is performed. She had told the employee at the women's clinic about her anemia and asthma; she said they anticipate no complications. She has had anesthesia before, with no complications. Her stepfather will accompany her to the clinic for the abortion procedure and she will return home with him and stay with him afterward.
Evidence supporting the finding of a mature decision in this case includes the minor's having had a pregnancy test done at her hometown clinic; informing her stepfather upon discovering that she was pregnant and discussing it with him; having her stepfather accompany her to a clinic, where she discussed with the medical personnel the procedure and risks; and, upon learning of the requirement of the waiver of parental consent, pursuing, with the help of her stepfather, the judicial by-pass procedure. Additionally, she is working, going to school, and has plans for her future.
We note that the trial court's order twice refers to an absence of "clear and convincing evidence." Neither the language of § 26-21-4 nor the case law requires that the minor present evidence meeting this high standard in order to be granted a waiver. We recognize, and appreciate, however, the trial court's concern that sufficient evidence be presented, and we commend the trial court's solicitation of some additional evidence. A further presentation of evidence would have been helpful to the trial court and would have certainly aided this court on this appeal. Although the legislature especially provided for court rules to be relaxed, § 26-21-4(a), Ala.Code 1975, a guardian ad litem representing a minor in these cases is responsible for providing the court with evidence, if available, on all requirements of § 26-21-4(a).
We conclude that the minor has met her burden, by demonstrating that she is mature, informed, and capable of making her own decision regarding an abortion. Therefore, the judgment of the trial court is reversed and the case is remanded with instructions to the trial court to enter a judgment granting the waiver. Because of the importance of time, the trial court is directed to enter its judgment not later than 12:00 noon on Friday, February 3, 1995. If the trial court does not enter a judgment granting the waiver by that time, then effective 12:01 p.m., a judgment granting the statutory waiver is rendered by this court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and MONROE and CRAWLEY, JJ., concur.
THIGPEN, J., concurs in the result only.
THIGPEN, Judge, concurring in the result only.
I concur that this case must be reversed; however, my reasoning is because I believe that the trial court misapplied the law to the undisputed facts and, thus, it erred as a matter of law in denying the waiver. My special opinion accompanying Matter of Anonymous, 650 So.2d 923 (Ala.Civ.App. *1055 1994), details further my legal position in this regard.
In the instant case, I disagree with the majority that the evidence supports a conclusion that this minor is sufficiently "mature and well-informed enough to make the abortion decision on her own." Ala.Code 1975, § 26-21-4(f)(1). The minor's testimony indicates to me a serious lack of maturity and a very grave lack of knowledge regarding the procedure, any potential consequences, and her consideration of any alternatives. See Ex parte Anonymous, 618 So.2d 722 (Ala. 1993). Regardless of her maturity level, this child's demonstrated vague knowledge of the procedure and any possible consequences further illustrates her lack of necessary information to make this decision. This record is laden with evidence supporting the trial court's conclusion that this child is not mature and well-informed enough to make this decision on her own; therefore, as to this issue, I reach a contrary conclusion than that reached by the majority.
Because I agree with the trial court's finding that this child is not mature and well-informed enough to make an abortion decision on her own, I must again address the second prong of the requirements to deny her petition for the waiver. Matter of Anonymous, 650 So.2d 923 (Ala.Civ.App.1994). See also Ex parte Anonymous, 597 So.2d 711 (Ala.1992), and Ex parte Anonymous, 595 So.2d 497 (Ala.1992). Denial of the waiver also requires that the evidence support a finding "that the performance of the abortion is not in the best interest of the minor." Ex parte Anonymous, 595 So.2d 499, 500 (Ala. 1992); see Ala.Code 1975, § 26-21-4(f). Failure to properly address or satisfy the legal requirements to deny the waiver is grounds for reversal. Matter of Anonymous, 597 So.2d 708 (Ala.Civ.App.1992); Matter of Anonymous, 597 So.2d 224 (Ala. Civ.App.1992). See also, Ex parte Anonymous, 531 So.2d 901 (Ala.1988).
The leniency in the procedural aspects of the instant case have permitted again an inadequate record which epitomizes the type of problems involved when one attorney serves in the dual role of the minor's counsel, whose duty is to pursue the grant of the waiver, and as a guardian ad litem, whose role is to protect the child's best interests. See Ex parte Anonymous, 531 So.2d 901 (Ala.1988).
This petitioner, and the stepfather, were merely prompted through a series of questions designed to meet minimal requirements to have a waiver granted on the basis of the child's maturity. The lack of a method to cross-examine the witnesses or to test the evidence has resulted in a lack of any evidence within the record to support a conclusion that the performance of an abortion would not be in this child's best interests. Therefore, the failure to meet the second prong of the statute requires reversal of the trial court's decision. Matter of Anonymous, 650 So.2d 923 (Ala.Civ.App.1994). Again, the unfortunate result grants the waiver by default. See Ex parte Anonymous, 531 So.2d 901 (Ala.1988). Furthermore, because of the lack of a system to adequately protect this child's best interest, the grant of a waiver in this case, like others, will go unchallenged. The paucity of evidence concerning whether the performance of an abortion is in this child's best interests indicates a complete lack of consideration given to the gravity of the situation, and it ignores the second prong of the statute. Ala.Code 1975, § 26-21-4(f)(2).
When asked if she felt that an abortion was in her best interests, the minor simply replied, "Yes, Ma'am." That single response from a minor who lacks the maturity and adequate information to make her own decision regarding abortion is bolstered by her stepfather's mere affirmative response to the same question. Nothing more exists in this record. The only evidence in the record regarding whether the performance of an abortion is in this child's best interest is those affirmative responses by the only two witnesses. There is a total lack of evidence to support a finding that the performance of an abortion is not in this child's best interests. Absent support for the determination made by this trial court in that regard, it was error for the trial court to deny her waiver. Ex parte Anonymous, 531 So.2d 901 (Ala. 1988). Accordingly, "[t]here being no evidence supporting a finding that the abortion *1056 is not in the minor's best interest ... the trial court erred in denying the waiver of consent." Ex parte Anonymous, 531 So.2d 901, 907 (Ala.1988).