I concur that this case must be reversed; however, my reasoning is because I believe that the trial court misapplied the law to the undisputed facts and, thus, it erred as a matter of law in denying the waiver. My special opinion accompanyingMatter of Anonymous, 650 So.2d 923 (Ala.Civ.App. *Page 1055 
1994), details further my legal position in this regard.
In the instant case, I disagree with the majority that the evidence supports a conclusion that this minor is sufficiently "mature and well-informed enough to make the abortion decision on her own." Ala. Code 1975, § 26-21-4(f)(1). The minor's testimony indicates to me a serious lack of maturity and a very grave lack of knowledge regarding the procedure, any potential consequences, and her consideration of any alternatives. See Exparte Anonymous, 618 So.2d 722 (Ala. 1993). Regardless of her maturity level, this child's demonstrated vague knowledge of the procedure and any possible consequences further illustrates her lack of necessary information to make this decision. This record is laden with evidence supporting the trial court's conclusion that this child is not mature and well-informed enough to make this decision on her own; therefore, as to this issue, I reach a contrary conclusion than that reached by the majority.
Because I agree with the trial court's finding that this child is not mature and well-informed enough to make an abortion decision on her own, I must again address the second prong of the requirements to deny her petition for the waiver.Matter of Anonymous, 650 So.2d 923 (Ala.Civ.App. 1994). See alsoEx parte Anonymous, 597 So.2d 711 (Ala. 1992), and Ex parteAnonymous, 595 So.2d 497 (Ala. 1992). Denial of the waiver also requires that the evidence support a finding "that the performance of the abortion is not in the best interest of the minor." Ex parte Anonymous, 595 So.2d 499, 500 (Ala. 1992); see Ala. Code 1975, § 26-21-4(f). Failure to properly address or satisfy the legal requirements to deny the waiver is grounds for reversal. Matter of Anonymous, 597 So.2d 708
(Ala.Civ.App. 1992); Matter of Anonymous, 597 So.2d 224
(Ala.Civ.App. 1992). See also, Ex parte Anonymous, 531 So.2d 901
(Ala. 1988).
The leniency in the procedural aspects of the instant case have permitted again an inadequate record which epitomizes the type of problems involved when one attorney serves in the dual role of the minor's counsel, whose duty is to pursue the grant of the waiver, and as a guardian ad litem, whose role is to protect the child's best interests. See Ex parte Anonymous,531 So.2d 901 (Ala. 1988).
This petitioner, and the stepfather, were merely prompted through a series of questions designed to meet minimal requirements to have a waiver granted on the basis of the child's maturity. The lack of a method to cross-examine the witnesses or to test the evidence has resulted in a lack of any evidence within the record to support a conclusion that the performance of an abortion would not be in this child's best interests. Therefore, the failure to meet the second prong of the statute requires reversal of the trial court's decision.Matter of Anonymous, 650 So.2d 923 (Ala.Civ.App. 1994). Again, the unfortunate result grants the waiver by default. See Exparte Anonymous, 531 So.2d 901 (Ala. 1988). Furthermore, because of the lack of a system to adequately protect this child's best interest, the grant of a waiver in this case, like others, will go unchallenged. The paucity of evidence concerning whether the performance of an abortion is in this child's best interests indicates a complete lack of consideration given to the gravity of the situation, and it ignores the second prong of the statute. Ala. Code 1975, § 26-21-4(f)(2).
When asked if she felt that an abortion was in her best interests, the minor simply replied, "Yes, Ma'am." That single response from a minor who lacks the maturity and adequate information to make her own decision regarding abortion is bolstered by her stepfather's mere affirmative response to the same question. Nothing more exists in this record. Theonly evidence in the record regarding whether the performance of an abortion is in this child's best interest is those affirmative responses by the only two witnesses. There is a total lack of evidence to support a finding that the performance of an abortion is not in this child's best interests. Absent support for the determination made by this trial court in that regard, it was error for the trial court to deny her waiver. Ex parte Anonymous, 531 So.2d 901 (Ala. 1988). Accordingly, "[t]here being no evidence supporting a finding that the abortion *Page 1056 
is not in the minor's best interest . . . the trial court erred in denying the waiver of consent." Ex parte Anonymous,531 So.2d 901, 907 (Ala. 1988).